United States District Court
Southern District of Texas
**ENTERED**
February 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SEBRENA GIDDENS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-CV-2559 |
| | § | |
| **KILOLO KIJAKAZI,** | § | |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| Defendant. | | |

### MEMORANDUM OPINION

Pending before the Court[1] is Plaintiff Sebrena Giddens's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 13) and Defendant[2] Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment (Dkt. No. 14). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** both motions, and **REMANDS** the case consistent with this Memorandum Opinion.

### I. BACKGROUND

On July 17, 2020, Plaintiff timely filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act.[3] On August 18, 2016, Plaintiff filed an application for benefits

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Dkt. No. 11.)

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

[3] *See* Dkt. No. 1.

claiming an inability to work since January 21, 2015, due to anxiety, asthma, COPD, high blood pressure, nerve pain, high cholesterol, carpal tunnel, depression, diabetes, and pinch nerve in back.[4] The SSA found Plaintiff was not disabled at the initial level of review in March 2017 and again, upon reconsideration, in August 2017.[5] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[6]

On March 20, 2018, the ALJ conducted a hearing.[7] On June 5, 2018, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[8] The ALJ found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from January 21, 2015, through the date of this decision . . . ."[9] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[10] On January 23, 2019, the SSA's Appeals Council remanded the ALJ's decision to resolve an inconsistency between Plaintiff's social functioning limitations and RFC.[11]

On September 28, 2019, the ALJ conducted a second hearing.[12] At the hearing, Plaintiff's alleged disability onset date was amended from January 21, 2015 to September 10, 2015.[13] The ALJ heard testimony from Plaintiff and vocational expert Teresa Rogers.[14] On November 21, 2019, the ALJ issued a second decision denying Plaintiff's applications for disability benefits.[15] The ALJ

---

[4] *See* Dkt. No. 10-5 at 2–3.
[5] *See id.* at 13, 40.
[6] Dkt. No. 10-6 at 14.
[7] *See* Dkt. No. 10-5 at 46.
[8] *Id.* at 46–56.
[9] *Id.* at 55.
[10] *See* Dkt. No. 10-6 at 68.
[11] Dkt. No. 10-5 at 63.
[12] *See* Dkt. No. 10-4 at 3.
[13] *Id.* at 11–12.
[14] *Id.* at 4.
[15] Dkt. No. 10-3 at 11–26.

found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from September 10, 2015, the amended alleged onset date, through the date of this decision . . . ."[16] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[17] On May 21, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[18]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[19]

## II. LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147

---

[16] *Id.* at 25.
[17] *See* Dkt. No. 10-8 at 43.
[18] Dkt. No. 10-3 at 2.
[19] *See* Dkt. No. 1.

(5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

## III. DISCUSSION

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from

step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed all five steps of the sequential process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 10, 2015.[20] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, obesity, carpal tunnel syndrome ("CTS"), diabetes mellitus with neuropathy, asthma, COPD, colitis, anxiety, and depression.[21] At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[22] The ALJ found Plaintiff had the RFC to perform light work as defined in the Commissioner's regulations with certain limitations.[23] At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work.[24] At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed—such as furniture rental consultant, children's attendant, and usher—and therefore, Plaintiff was not disabled as defined under the Social Security

---

[20] Dkt. No. 10-3 at 13.
[21] *Id.* at 14.
[22] *Id.*
[23] *Id.* at 15–16.
[24] *Id.* at 24.

Act.[25]

Plaintiff moves to reverse the ALJ's decision, arguing that the ALJ's RFC finding is not supported by substantial evidence and is the result of legal error.[26] Conversely, Commissioner argues that substantial evidence supports the ALJ's RFC determination and Step Five findings.[27]

RFC is a "determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). This evidence includes, but is not limited to, "medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations." *Roe v. Astrue*, No. 11-CV-226, 2013 WL 490676, at *4 (N.D. Tex. Feb. 8, 2013); *see Hollis v. Bowen*, 837 F.2d 1378, 1386–87 (5th Cir. 1988) ("A person's [RFC] is determined by combining a medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work.").

"The ALJ is responsible for determining an applicant's residual functional capacity." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *see also Taylor*, 706 F.3d at 602–03. "The relative weight to be given the evidence contained in the record is within the ALJ's discretion [and] the ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Fleming v. Saul*, No. 19-CV-701, 2020 WL 4601669, at *4 (W.D. Tex. Aug. 10, 2020) (citing *Chambliss v. Massanari*, 269 F.3d 520, 523 & n.1 (5th Cir. 2001) and *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988)). The ALJ is also responsible for resolving conflicts in the evidence.

---

[25] *Id.* at 25–26.
[26] Dkt. No. 13 at 6.
[27] *See* Dkt. No. 15 at 4; Dkt. No. 21 at 1.

*Chambliss*, 269 F.3d at 522. Nevertheless, the RFC determination, like all other determinations made by the ALJ, must be supported by substantial evidence. *Ramos v. Astrue*, No. 11-CV-1457, 2012 WL 1020194, at *4 (E.D. La. Feb. 27, 2012), *report and recommendation adopted*, 2012 WL 1019123 (Mar. 26, 2012); *Majkut v. Astrue*, No. 08-CV-92, 2009 WL 3110210, at *4 (N.D. Tex. Sept. 28, 2009).

In the June 2018 decision, the ALJ found Plaintiff may be off-task for up to 10% of the workday due to joint pain, depression, and anxiety symptoms interfering with concentration, persistence, and pace.[28] In the November 2019 decision, the ALJ found that Plaintiff may be off-task for up to 10% of the workday due to restroom breaks, pain, depression, and anxiety symptoms interfering with concentration, persistence, and pace.[29] The ALJ also included in the determination that Plaintiff must work within a 5-minute walk to a restroom.[30] In the discussion regarding Plaintiff's frequent restroom use, the ALJ concluded that the RFC, including the off-task and restroom proximity limitations, fully account for the impact of Plaintiff's colitis.[31]

Plaintiff argues it is unclear how Plaintiff's restroom breaks can be accommodated within the 10% of the workday that she may be off-task when that time period did not previously account for restroom breaks.[32] Thus, Plaintiff argues remand is required to clarify the issue.[33] The Court agrees. "An ALJ's failure to specify the duration and frequency of bathroom visits impacts the sufficiency of the VE's testimony regarding a plaintiff's ability to work." *Dickerson v. Comm'r of*

---

[28] Dkt. No. 10-5 at 51.
[29] Dkt. No. 10-3 at 17.
[30] *Id.* at 16.
[31] *Id.* at 21.
[32] *See* Dkt. No. 13 at 8–10.
[33] *Id.* at 10.

*Soc. Sec.*, No. 4:18-CV-4578, 2019 WL 7938518, at *4 (S.D. Tex. Dec. 9, 2019), *report and recommendation adopted sub nom. Dickerson v. Comissioner of Soc. Sec.*, No. 4:18-CV-4578, 2020 WL 730877 (S.D. Tex. Feb. 12, 2020); *see also Wantock v. Berryhill*, No. 14-CV-741, 2017 WL 5713224, at *4 (W.D. Wis. Nov. 28, 2017) ("[P]roximity to a bathroom is only one component of *access*[.] The predictability, frequency and length of bathroom breaks are additional components, and . . . these components are material to an individual's ability to maintain full time employment."). Here, the ALJ included a limitation that Plaintiff must work within a 5-minute walk to a restroom, but failed to specify the duration and frequency of the restroom breaks. The case must be remanded for the ALJ to provide further explanation as to Plaintiff's restroom breaks in the RFC and hypotheticals posed to the VE. *Dickerson*, 2019 WL 7938518, at *5.

Plaintiff also argues the ALJ's RFC finding is inconsistent with other medical opinions in the record and the ALJ fails to provide the required analysis before rejecting treating physician's opinions.[34] Commissioner argues the ALJ based Plaintiff's RFC on a litany of factors, including: (1) objective medical findings, including the results of radiologic imaging and electrodiagnostic testing; (2) Plaintiff's treatment records; (3) the medical opinions of record, which the ALJ discussed and weighed in accordance with 20 C.F.R. § 404.1527; (4) the observations of physicians who indicated that Plaintiff did not give good effort and thereby made it difficult to determine the extent of her limitations; (5) Plaintiff's daily activities; (6) the nature, location, duration, frequency, and intensity of Plaintiff's alleged pain and other symptoms; (7) precipitating and aggravating factors; (8) medications that Plaintiff has taken; (9) treatment, other than medication, which Plaintiff has undergone, or not undergone; (10) any measures other than treatment that Plaintiff

---

[34] *Id.* at 10–13.

has used to address pain or other symptoms; (11) evidence of Plaintiff's non-compliance with her treatment regimen; and (12) Plaintiff's functional limitations.[35] The Court agrees with Commissioner.

A treating physician's opinion on the nature and severity of a plaintiff's impairment should be accorded "controlling weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Brown v. Astrue*, 344 F. App'x 16, 20 (5th Cir. 2009). "[W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). The good cause exceptions to the treating physician rule allow an ALJ to "disregard[] statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.*

20 C.F.R. § 404.1527(c) requires consideration of: (1) the examining relationship; (2) the length and nature of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; and (5) the specialization of the treating physician. While the ALJ does not have to specifically identify each individual factor in their decision, it does need to be clear from the record that the factors were considered. *See Jones v. Colvin*, 638 F. App'x 300, 305 (5th Cir. 2016).

Here, the ALJ discussed the medical opinions of record and provided specific, legitimate reasons for the weight that he assigned to each opinion, in accordance with 20 C.F.R. § 404.1527.

---

[35] Dkt. No. 21 at 2–3.

The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan*, 38 F.3d at 236. Instead, the Court only reviews whether substantial evidence supports the ALJ's RFC determination. *See Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."). Accordingly, the Court finds the ALJ properly reviewed and considered the medical opinions of record.

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** the Commissioner's Motion for Summary Judgment on the restroom break issue. The Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** the Commissioner's Motion for Summary Judgment on all other grounds. The case is **REMANDED** with instructions for the ALJ to consider:

(1) the frequency and duration of Plaintiff's restroom breaks; and

(2) the hypotheticals posed to the VE based on these changes.

It is so **ORDERED**.

**SIGNED** in Houston, Texas on February 15, 2022.

Sam S. Sheldon
United States Magistrate Judge